UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERTA HAWTHORNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-02362 |
| ) | **JURY TRIAL DEMANDED** |
| ST. LOUIS METROPOLITAN ) | |
| POLICE DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

On the parties' motion for a protective order, the Court finds and rules as follows:

Plaintiff has served Interrogatories [Exhibit A] and Requests for Production of Documents [Exhibit B] on Defendants. Defendants construe Interrogatories 1, 2, 3, 4, 5, 6, 7, 8 and 10 to seek, among other information: (a) identify whether each St. Louis Metropolitan Police Officer since 2005 passed or failed or was not permitted to take the Department's Physical Abilities Test ("PAT"); (b) if applicable, the identify the portion of the PAT the officer failed, and the officers' age, race, gender, rank and subsequent employment status within the Department; (c) whether any officer has retired or resigned because of the PAT; (d) whether officers were prohibited

1

from the PAT after obtaining approval from his or her physician; and (e) the PAT results of specific individuals within the Department and the employment actions taken (or not taken) as a result of those results.

Defendants construe Plaintiffs' Requests for Production of Documents 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 23 to seek, among other documents: (a) those identified in response to Plaintiff's Interrogatories; (b) those reflecting the results of officers who failed or were prohibited from taking the PAT; (c) those reflecting the race, age, gender and rank of officers who were prohibited from taking the PAT and their current employment status; (d) those reflecting the current status of officers who failed or were prohibited from taking the PAT; (e) those reflecting the results of a Functional Capacity Exam ("FCE") and previous physical injuries of officers who took the FCE; (f) those related to the taking of the PAT after obtaining approval from his or her physician; (g) related to analyses of the PAT to determine whether it has a "disparate impact" on female officers, officers who are members of racial minorities, or officers over the age of 40, (h) those reflecting the results of individual police officers.

Defendants contend that some of the information and documents sought in these Interrogatories and Requests for Production of Documents request information contained in closed documents under the Health Insurance Portability and Accountability Act, Pub.L. 104-191, as well as

2

Missouri law under § 610.021(3), (5), and (13), and *State ex rel. Crowden v. Dandurand*, 970 S.W.2d 340 (Mo. banc 1998) and *State ex rel. Delmar Gardens North Operating L.L.C. v. Gaertner*, 239 S.W.3d 608 (Mo. banc 2007).

In their answers and responses to Plaintiff's Interrogatories and Request for Production of Documents, Defendants have objected to disclosing and producing documents on the grounds of confidentiality. Defendants contend that, absent a court-order or individual releases of the officers involved, disclosure of this information or such documents is prohibited by law. Plaintiff contends that state law privileges, such as the Sunshine Law, are inapplicable to federal actions and does not believe HIPAA applies to the discovery at issue.

Accordingly, without deciding any claims of privilege or other objections to such Interrogatories or Requests for Production of Documents, the Court orders disclosure under the conditions set forth below.

1. Defendants shall disclose to counsel for Plaintiff all responsive documents and information pertaining to personnel information, other than documents which are privileged or objectionable on other grounds. These documents shall be marked CONFIDENTIAL. This information shall be kept confidential and may be disclosed to support staff and others employed to assist counsel for Plaintiff, including potential experts and to Plaintiff, but

may not be re-disclosed to any person other than those set forth above. Any person entitled to disclosure of this information shall be instructed as to the terms of this order.

2. Counsel for Plaintiff, support staff, and others employed to assist the attorneys in this case shall not make use of the documents or any information contained therein except in connection with the above referenced litigation and shall not make any use of said documents or any information contained therein in connection with any other litigation, cause or matter.

3. Upon the conclusion of this litigation (including appeals) copies of records (except copies of documents accepted into evidence) produced pursuant to and protected by the terms of this Protective Order shall within ninety (90) days of any request be returned to opposing counsel, except that counsel for the parties may retain one (1) copy of the records produced pursuant to this Protective Order, which copy shall be maintained in counsel's files and which documents shall continue to be subject to the terms of this Protective Order. Should a party request his/her/its files from counsel, any material produced pursuant to and subject to this Protective Order shall be returned to the party producing such documents prior to the release of such files to the requesting party.

4. Any submission of documents obtained pursuant to this order to the Court shall be made under seal.

5. Nothing in this order shall prevent disclosure of the CONFIDENTIAL documents beyond this order if the Defendants consents to such disclosure and notify the parties of such consent, or if the Court, after notifying all affected parties in this matter, permits such disclosure.

**SO ORDERED**

_/s/ Henry E. Autrey_
Honorable Henry E. Autrey
UNITED STATES DISTRICT JUDGE

11-18-11